# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:17-cv-629-WKW-DAB |
| ROBIN O'NEAL, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION[1]

This matter is before the court on Metropolitan Life Insurance Company's (MetLife) Motion for Dismissal. (Doc. 27). Defendants do not oppose dismissal of MetLife. (Docs. 28, 29). For the reasons that follow, the undersigned Magistrate recommends MetLife be dismissed with prejudice from this action.

This case was initiated by MetLife with the filing of a Complaint in Interpleader brought pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335. (Doc. 1). The court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the Federal Employees Group Life Insurance Act (FEGLIA), 5 U.S.C. § 8701, et seq.

---

[1] On October 2, 2017, the above-styled matter was referred to the undersigned for further proceedings and determination or recommendation as may be appropriate by Chief United States District Judge William K. Watkins. (Doc. 7); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507 (11th Cir. 1990).

MetLife's Complaint alleges it issued a policy of life insurance that provided coverage under FEGLIA for the life of Ida Coleman, deceased, who was a former employee of the United States Postal Service. The action seeks to interplead funds of the FEGLIA policy pursuant to 28 U.S.C. § 1335 because two or more adverse claimants of diverse citizenship from Plaintiff are claiming entitlement to the benefits of the policy. (Doc. 1).

Ida Coleman died March 15, 2016. (Doc. 1-3). Upon her death, the life benefits from the coverage under her FEGLI policy which total $43,500.00 became payable to the proper beneficiaries. MetLife alleges there is a controversy as to who is the proper beneficiary or beneficiaries. A June 13, 2013 designation names Defendant Earline Williamson (Coleman's God-Daughter) as the sole beneficiary. (Doc. 1, ¶¶ 4, 10). A prior designation dated July 15, 2005, names Robin O'Neal (Coleman's niece) and Oliver O'Neal (Coleman's great nephew) as beneficiaries. *Id.* ¶¶ 2, 3, 11.

As a stakeholder, MetLife has no interest in the benefits and has requested the court determine to whom the FEGLI benefits should be paid. Section 1335 provides:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a)(1).

MetLife does not dispute it owes the proceeds under the policy and has deposited the insurance benefits into the court registry. (Docs. 20, 22). MetLife satisfied its obligation under § 1335 by depositing the FEGLI benefits into the court registry and now requests it be dismissed with prejudice from this case. Defendants do not oppose this request. (Docs. 28, 29). "As a general matter, a stakeholder who brings a [R]ule [22] interpleader action is entitled to be discharged from any and all liability to the claimants/defendants where there is no longer any material controversy concerning its obligations to those claimants." *Am. Gen. Life Ins. Co. v. Jones*, No. CIV A 08-0211-WS-B, 2008 WL 4949847, at *1 (S.D. Ala. Nov. 13, 2008) (collecting cases). Thus, as MetLife has no other obligation or interest in this litigation, it may be properly dismissed from this action pursuant to Rule 54(b). The court finds no just reason for delaying judgment.

MetLife's motion initially sought attorney's fees and costs for bringing the action, but it has now agreed to waive this request. *See* (Doc. 32). Section 1335 does not contain a provision for attorney's fees, and courts have acknowledged that whether to award fees and expenses in these circumstances is within the discretion of the court. *See Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Tr. Co.*, 537 F. Supp. 1147, 1150 (M.D. Ga. 1982) (finding "attorneys fees should not be awarded to an insurance company in an interpleader action where the claims to the fund are of the type that arise in the ordinary course of business and are not difficult to resolve"); *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965) (noting that 28 U.S.C. § 1335 says nothing about allowances for expenses, "leaving any award to the sound discretion of the district court").

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that MetLife's Motion for Dismissal (Doc. 27) be **granted** in part and MetLife be dismissed with prejudice from the case and that an appropriate judgment for MetLife be entered pursuant to Fed. R. Civ. P. 54(b). It is further recommended that MetLife's request for attorney's fees and costs be **denied as moot** in light of the withdrawal of MetLife's request.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before December 19, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be

considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

**Respectfully submitted** this 5th day of December 2017.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE